JOURNAL ENTRY AND OPINION
{¶ 1} James A. Dowell has filed a timely application for reopening pursuant to App.R. 26(B). Dowell is attempting to reopen the appellate judgment that was rendered in State v. Dowell, Cuyahoga App. No. 83575,2004-Ohio-3870, which affirmed his conviction for one count of murder with a firearm specification. Dowell's application for reopening is denied for the following reasons.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents the reopening of Dowell's original appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} Herein, Dowell did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed Dowell's appeal on March 2, 2005. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} In addition, a substantive review of Dowell's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well-settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id;State v. Grimm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. Also, Dowell must establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Dowell must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996), 74 Ohio St.3d 534,660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Dowell must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he was a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 5} State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
 {¶ 6} In the case sub judice, Dowell alludes to six specific claims of ineffective assistance of trial counsel which should have been raised upon appeal:
 {¶ 7} (1) "Counsel Failed (sic) to familiarize himself with facts of law relevant to a case of this magnitude. . . .";
 {¶ 8} (2) ". . . and failed to adequately prepare for trial.";
 {¶ 9} (3) "Trial counsel failed to procure witnesses to rebut state's expert witnesses.";
 {¶ 10} (4) "Counsel failed to prepare Appellant for testimony.";
 {¶ 11} (5) "Counsel failed to investigate crime scene."; and
 {¶ 12} (6) "Counsel failed to investigate and use material witnesses available to him."
 {¶ 13} Consideration by this court of the six cited claims of ineffective assistance of trial counsel would not have resulted in a reversal of Dowell's conviction for the offense of murder with a firearm specification. It must also be noted that Dowell, through his six claims of ineffective assistance of trial counsel, argues the issues of manifest weight and sufficiency of the evidence which were previously raised and addressed upon appeal. In State v. Dowell, supra, this court held that:
"In his first and second assignments of error, defendant challenges the adequacy of the evidence presented at trial. Specifically, defendant claims that the State failed to present sufficient evidence to support his conviction for murder and that his conviction for murder is against the manifest weight of the evidence. We disagree and find that an evaluation of the weight of the evidence is dispositive of both issues in this case.
The sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Because sufficiency is required to take a case to the jury, finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462 at 4.
Here, defendant was charged with murder. The offense of murder is defined by R.C. 2903.02, which provides in pertinent part that "no person shall purposely cause the death of another."
 {¶ 14} Defendant's argument with respect to these assignments of error is that his conviction for murder is not supported by the weight and sufficiency of the evidence because there was no evidence that he purposely or intentionally killed Chester. We disagree.
At trial, the jury heard Deputy County Coroner Erica Armstrong testify that Chester was shot once in the chest at very close range. The jury heard Timothy Nock of the Coroners Office testify that there was no evidence that Chester ever handled the gun. Officer Miles testified that defendant attempted to conceal the weapon from him. Detective Nathan Wilson testified that the residue on Chester's clothing matched the residue on the defendant's gun. Defendant testified that he got into an argument with Chester about money and that the gun accidently went off as they were struggling with it.
Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting defendant of murder. We find there to be substantial, competent, credible evidence upon which the jury could base its decision that defendant purposely caused the death of Chester Bright. The jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. Defendant's version of the events leading up the shooting were inconsistent: He did not tell Officer Miles that Chester had been shot until after Chester had been transported to the hospital, he hid the gun immediately after the shooting and he did not call for help until almost one hour after Chester had been shot. The jury was free to believe the State's witnesses over defendant's own testimony. Consequently, we conclude that defendant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit. Accordingly, defendant's first and second assignments of error are overruled."
Id, at 6.
 {¶ 15} Since the issues of manifest weight of the evidence and sufficiency of the evidence have been raised through Dowell's prior appeal, further review is once again barred by the doctrine of res judicata. Strickland v. Washington, supra; State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 16} Accordingly, we decline to reopen Dowell's appeal and deny his application for reopening.
Dyke, P.J., concurs Rocco, J., concurs.