JOURNAL ENTRY AND OPINION
{¶ 1} James Dowell ("Dowell") appeals the decision of the trial court denying his petition for postconviction relief. Dowell argues that his claims for postconviction relief were not barred by res judicata, and that he provided sufficient evidence dehors the record to support his petition for postconviction relief. For the following reasons, we affirm.
 {¶ 2} The Cuyahoga County Grand Jury indicted Dowell with one count of murder with a three-year firearm specification and one count of having a weapon while under disability. In early September, Dowell's trial began. As set forth by this court inState v. Dowell, Cuyahoga App. No. 83575, 2004-Ohio-3870, the parties presented the following evidence at trial:
"On the morning of March 6, 2003, Chester Bright was fatally shot once in the chest by the defendant.
Prior to the shooting, defendant and Chester knew each other from working odd jobs at local bars. Both defendant and Chester were characterized as "mentally disabled."
In the early morning hours of March 6, 2003, Chester came to the defendant's house to help him with some house and yard work. Defendant was a coin collector and noticed that some of his coins were missing. Defendant questioned Chester about the missing coins and a fight ensued. Defendant reached for a gun and shot Chester once in the chest. Defendant then put the gun in the basement. Approximately 50 minutes after the shooting, defendant made a 911 telephone call to the Cleveland Police Department.
On March 20, 2003, defendant was indicted on two charges: One count of murder, in violation of R.C. 2903.02 with a firearm specification and one count of having a weapon while under disability, in violation of R.C. 2923.13. Defendant entered a plea of not guilty at his arraignment and his case proceeded to a jury/bench trial.[1]
At trial, the State alleged that defendant purposely caused the death of Chester after getting into an argument with him about the missing coins. Defendant asserted that he was fighting with Chester and did not intend to kill him.
The State first presented the testimony of John Gigante, a dispatcher with the Cleveland Police Department. He testified that he received a 911 call from the defendant at approximately 8:57 a.m. on the morning of March 6, 2003.
The State then called Officer Robert Miles of the Cleveland Police Department. He testified that he responded to the 911 call made by defendant and emergency personnel attempting to revive Chester. He testified that he saw a large number of coins surrounding Chester's body. He testified that the defendant told him that he had gotten into a fight with Chester over money. He testified that the defendant did not tell him that Chester had been shot until after Chester had been transported to the hospital. He testified that defendant admitted, after repeated questioning, that the gun used to shoot Chester was in the basement. Finally, Officer Miles testified that once he obtained the weapon from the basement, defendant stated that he and Chester were struggling with the gun when they both fell over and the gun went off.
Richard Gregg was a friend of both the defendant and Chester. He testified that Chester lived at his workshop and had a collection of coins.
Anne Medley, Chester's sister, testified that Chester collected coins and often kept them on his person.
Renee Brain, a bartender at Lido Lounge where the defendant and Chester frequented, testified that the night before the shooting, the defendant was looking for Chester to help him with some work around his house. She also testified that Chester collected coins.
Deputy County Coroner Erica Armstrong testified that Chester Bright died of a close-range gun shot wound to the left chest area. She testified that Chester had numerous injuries to his face, neck, and scalp as well. Finally, she testified that Chester was legally intoxicated at the time of the shooting.
Timothy Nock of the Coroner's Office Trace Evidence Department testified that he did not have any evidence that Chester ever held the gun that killed him. He also testified that the gunshot residue on Chester's clothing matched the residue of the defendant's gun.
Detective Melvin Smith of the Cleveland Police Department testified that he was the head investigating officer assigned to the case. He testified that there were numerous coins surrounding Chester's body and that Chester only had 25 cents on his person.
Detective Nathan Wilson of the Cleveland Police Department testified that the bullet retrieved from Chester's body came from the defendant's gun.
For the defense, defendant presented two witnesses, Manuel Corchado and Constance Perez, who testified that defendant had a coin collection. In addition, defendant testified on his own behalf. Defendant concedes that he got into an argument with the victim and that they were rolling around on the floor. Defendant claims, however, that Chester was drunk and attacked him. Defendant claims that a struggle ensued and Chester found a gun that was concealed under the cushion of the couch. Defendant testified that both parties struggled with the gun and it just went off. Defendant states that he was in shock and put the gun in the basement so that nothing else would occur. Defendant testified that he called 911.
On September 5, 2003, the jury returned a verdict of guilty to the indicted charge of murder, in violation of R.C. 2903.02, with a three-year firearm specification. Defendant was also found guilty by the trial court of having a weapon while under disability, in violation of R.C. 2923.13."
 {¶ 3} Dowell appealed the verdicts, arguing that the trial court should have granted his motion for acquittal as to the charge of murder, that his conviction of murder was against the manifest weight of the evidence, and that the trial court committed plain error while instructing the jury. This Court disagreed with Dowell and affirmed his convictions in its decision announced on July 22, 2004. Dowell, supra; discretionary appeal not allowed, 105 Ohio St.3d 1451,2005-Ohio-763.
 {¶ 4} On October 21, 2004, Dowell filed an application to reopen his appeal to this court, raising claims of appellate counsel's ineffectiveness. In his application, Dowell claimed that appellate counsel failed to appeal on grounds of ineffective assistance of trial counsel. This court denied Dowell's application for reopening on the grounds of res judicata. Specifically, this court found that because Dowell filed a pro se appeal with the Ohio Supreme Court and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel, res judicata acted as a bar to any further litigation of the claim. State v. Dowell, Cuyahoga App. No. 83575, 2005-Ohio-1966; discretionary appeal not allowed,106 Ohio St.3d 1488.
 {¶ 5} On April 14, 2004, Dowell filed a petition for postconviction relief pursuant to R.C. 2953.21. In his petition, Dowell claimed that his trial counsel rendered ineffective assistance by failing to properly examine a defense witness or investigate the case, and by failing to file a motion to suppress his oral statements and a motion to dismiss for speedy trial violation. On April 27, 2004, the trial court denied Dowell's petition, and on March 23, 2005, the trial court issued its findings of fact and conclusions of law.
 {¶ 6} Dowell appeals, raising the four assignments of error contained in the appendix to this opinion.
 {¶ 7} In his first, second, third, and fourth assignments of error, Dowell argues that the trial court erred in dismissing his petition for postconviction relief for lack of sufficient evidence to warrant relief and res judicata. Dowell also argues that the trial court should have conducted an evidentiary hearing prior to dismissing his petition. We disagree with Dowell's arguments.
 {¶ 8} It is well settled that trial courts are not automatically required to conduct an evidentiary hearing whenever a petition for postconviction relief is filed. State v. Slagle,
(Aug. 10, 2000), Cuyahoga App. No. 76834, 2000 Ohio App. LEXIS 3641; State ex rel. Jackson v. McMonagle, 67 Ohio St.3d 450,1993-Ohio-143; State v. Strutton (1988), 62 Ohio App.3d 248, paragraph one of the syllabus. The pivotal concern is whether there are substantive constitutional grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and materials, and the files and records. State v.Jackson (1980), 64 Ohio St.2d 107, 110; Strutton, supra. A petitioner is entitled to postconviction relief under R.C.2953.21 only if the court can find that there was such a denial or infringement of the petitioner's rights as to render the judgment void or voidable under the Ohio or United States Constitutions. State v. Perry (1967), 10 Ohio St.2d 175. Where a petition for postconviction relief fails to allege facts which, if proved, would entitle the petitioner to relief, the trial court may so find and summarily dismiss the petition. Perry,
supra at paragraph two of the syllabus.
 {¶ 9} In reviewing whether the trial court erred in denying a petition for postconviction relief without an evidentiary hearing, we apply an abuse of discretion standard. State v.Chafin (Mar. 25, 1999), Franklin App. No. 98AP-865, 1999 Ohio App. LEXIS 1470. See, also, State v. Watson (1998),126 Ohio App.3d 316. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Furthermore, a petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v.Perry, supra. Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already, or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. Perry,
supra, at paragraph seven of the syllabus; State v. McCullough
(1992), 78 Ohio App.3d 587. Issues properly raised in a petition for postconviction relief are those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. State v. Durr (Aug. 25, 1994), Cuyahoga App. No. 65958. If an issue has, or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. State v. Spisak (Apr. 13, 1995), Cuyahoga App. No. 67229, 1995 Ohio App. LEXIS 1567.
 {¶ 11} Because an appeal from the judgment of conviction is limited to the trial court record, a petition for postconviction relief may defeat the res judicata bar if its claims are based on evidence outside the record. See State v. Cole (1982),2 Ohio St.3d 112, 113-114, Slagle, supra. However, new evidence attached to the petition for postconviction relief must meet "some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]" State v. Lawson (1995),103 Ohio App.3d 307, 315, quoting State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, 1993 Ohio App. LEXIS 1485. Morever, the evidence dehors the record must not be evidence that was in existence and available for use at the time of trial or direct appeal. Coleman, supra; Slagle, supra, at 11.
 {¶ 12} As stated above, Dowell's petition for postconviction relief alleges that his trial counsel rendered ineffective assistance by failing to properly examine a defense witness or investigate the case, and by failing to file a motion to suppress his oral statements and a motion to dismiss for speedy trial. In support of his claims, Dowell attaches a notarized letter from defense witness Manuel Corchado Jr., a photocopied receipt for property held in evidence from the Cleveland Police Department for $57 in currency, a summary of Dowell's oral statements, and a partial printout of the docket.
 {¶ 13} In response, the trial court determined that the first three claims raised by Dowell were barred by res judicata. The court found that the evidence relied upon by Dowell was available to him at the time of trial and his direct appeal and, therefore, his claims were not properly brought in a petition for postconviction relief. Though finding res judicata acted as a bar to his claims, the trial court further found that Dowell's petition did not establish sufficient grounds to believe that his Constitutional rights were either infringed or denied. The trial court then found that Dowell's fourth claim for relief lacked merit because Dowell executed two written waivers of his right to a speedy trial.
 {¶ 14} We find that the trial court properly dismissed all of Dowell's claims. The trial court correctly found that the evidence relied upon by Dowell to support his petition was available to him at the time of his trial and at the time of his appeal. Though the statements of defense witness Manuel Corchado Jr. and the property receipt for the $57 were not in the trial court record, such evidence was certainly available at both the trial and appeal. As such, any claim based upon this evidence is barred by the doctrine of res judicata.
 {¶ 15} Moreover, Dowell's arguments that his trial counsel should have moved to suppress his oral statement and moved to dismiss the case for lack of speedy trial, were both arguments that could have, and should have been raised in his ensuing appeals. In his appellate brief, Dowell even admits that these two claims should have been raised in his direct appeal. Furthermore, this court rejected these arguments in its decision denying Dowell's application to reopen his appeal. State v.Dowell, Cuyahoga App. No. 83575, 2005-Ohio-1966.
 {¶ 16} We therefore find that the trial court did not err in denying Dowell's petition for postconviction relief without a hearing.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., And Anthony O. Calabrese, Jr.,J., concur.
 Appendix A Assignments of Error
 "I. The trial court erred when it dismissed the petition forpost-conviction relief on grounds that the allegations containedtherein were barred by the doctrine of res judicata.
 II. The trial court erred when it dismissed the petition asinsufficient.
 III. The trial court erred when it dismissed the petition ongrounds of effective assistance of counsel.
 IV. The trial court erred when it dismissed thepost-conviction petition on grounds of effective assistance ofcounsel."
[1] Count Two was tried to the Court and Count One was tried to the jury.