[Cite as *State v. Dowell*, 2022-Ohio-615.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110629 |
| v. | : | |
| JAMES DOWELL, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-03-435225-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellee.*

James A. Dowell, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, James Dowell ("Dowell"), pro se, appeals from the trial court's judgment denying his motion for leave to file a motion for a new trial. Dowell raises three assignments of error for review:

(1) The trial court erred when it failed to satisfy Criminal Rule 25, allowing Judge McGinty to entertain the collateral pleading filed by appellant.

(2) The trial court abused its discretion when it determined the appellant was not prevented from filing a timely motion for new trial within fourteen days after the jury verdict.

(3) The trial court abused its discretion when it denied appellant's motion for leave to file a new trial motion under Crim.R. 33(B), without holding a hearing to determine the threshold issue of whether appellant was unavoidably prevented from discovering his evidence within fourteen days of the trial verdict.

{¶ 2}  For the reasons set forth below, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3}  In March 2003, Dowell was charged with murder in violation of R.C. 2903.02, with a three-year firearm specification (Count 1), and having a weapon while under disability in violation of R.C. 2923.13 (Count 2).  The matter proceeded to trial in early September 2003.  Count 1 was tried before the jury, and Count 2 was tried before court.  After the conclusion of trial, the jury found Dowell guilty of Count 1, and the court found Dowell guilty of Count 2.

{¶ 4}  The trial court sentenced Dowell to three years in prison on the firearm specification in Count 1, to be served prior to and consecutive to 15 years to life on the underlying charge in Count 1, and nine months on Count 2, to be served concurrent to the sentences imposed on Count 1.

{¶ 5}  Dowell timely appealed the convictions to this court, arguing that there was insufficient evidence to support his convictions, his convictions were against the manifest weight of the evidence, and the trial court erred when

instructing the jury. *State v. Dowell*, 8th Dist. Cuyahoga No. 83575, 2004-Ohio-

3870. This court found that the following facts were established at trial:

> On the morning of March 6, 2003, Chester Bright was fatally shot once in the chest by [Dowell].
>
> Prior to the shooting, [Dowell] and Chester knew each other from working odd jobs at local bars. Both [Dowell] and Chester were characterized as "mentally disabled."
>
> In the early morning hours of March 6, 2003, Chester came to [Dowell's] house to help him with some house and yard work. [Dowell] was a coin collector and noticed that some of his coins were missing. [Dowell] questioned Chester about the missing coins and a fight ensued. [Dowell] reached for a gun and shot Chester once in the chest. [Dowell] then put the gun in the basement. Approximately 50 minutes after the shooting, [Dowell] made a 911 telephone call to the Cleveland Police Department.
>
> On March 20, 2003, [Dowell] was indicted on two charges: One count of murder, in violation of R.C. 2903.02 with a firearm specification and one count of having a weapon while under disability, in violation of R.C. 2923.13. [Dowell] entered a plea of not guilty at his arraignment and his case proceeded to a jury/bench trial.
>
> At trial, the State alleged that [Dowell] purposely caused the death of Chester after getting into an argument with him about the missing coins. [Dowell] asserted that he was fighting with Chester and did not intend to kill him.
>
> The State first presented the testimony of John Gigante, a dispatcher with the Cleveland Police Department. He testified that he received a 911 call from [Dowell] at approximately 8:57 a.m. on the morning of March 6, 2003.
>
> The State then called Officer Robert Miles of the Cleveland Police Department. He testified that he responded to the 911 call made by [Dowell] and emergency personnel attempting to revive Chester. He testified that he saw a large number of coins surrounding Chester's body. He testified that [Dowell]told him that he had gotten into a fight with Chester over money. He testified that [Dowell]did not tell him that Chester had been shot until after Chester had been transported to the hospital. He testified that [Dowell] admitted, after repeated

questioning, that the gun used to shoot Chester was in the basement. Finally, Officer Miles testified that once he obtained the weapon from the basement, [Dowell] stated that he and Chester were struggling with the gun when they both fell over and the gun went off.

Richard Gregg was a friend of both [Dowell] and Chester. He testified that Chester lived at his workshop and had a collection of coins.

Anne Medley, Chester's sister, testified that Chester collected coins and often kept them on his person.

Renee Brain, a bartender at Lido Lounge where [Dowell]and Chester frequented, testified that the night before the shooting, [Dowell]was looking for Chester to help him with some work around his house. She also testified that Chester collected coins.

Deputy County Coroner Erica Armstrong testified that Chester Bright died of a close-range gun shot [sic] wound to the left chest area. She testified that Chester had numerous injuries to his face, neck, and scalp as well. Finally, she testified that Chester was legally intoxicated at the time of the shooting.

Timothy Nock of the Coroner's Office Trace Evidence Department testified that he did not have any evidence that Chester ever held the gun that killed him. He also testified that the gunshot residue on Chester's clothing matched the residue of [Dowell's]gun.

Detective Melvin Smith of the Cleveland Police Department testified that he was the head investigating officer assigned to the case. He testified that there were numerous coins surrounding Chester's body and that Chester only had 25 cents on his person.

Detective Nathan Wilson of the Cleveland Police Department testified that the bullet retrieved from Chester's body came from [Dowell's] gun.

For the defense, [Dowell] presented two witnesses, Manuel Corchado and Constance Perez, who testified that [Dowell] had a coin collection. In addition, [Dowell] testified on his own behalf. [Dowell] concedes that he got into an argument with the victim and that they were rolling around on the floor. [Dowell] claims, however, that Chester was drunk and attacked him. [Dowell] claims that a struggle ensued and Chester found a gun that was concealed under the cushion of the couch. [Dowell] testified that both parties struggled with the gun and it just went off. [Dowell] states that he was in shock and put the gun in the

basement so that nothing else would occur. [Dowell] testified that he called 911.

*Id.* at ¶ 2-16.

**{¶ 6}** On July 22, 2004, this court affirmed Dowell's convictions. *Dowell*, *supra.* Dowell subsequently filed a discretionary appeal, pro se, which the Ohio Supreme Court dismissed on March 2, 2005. *State v. Dowell*, 105 Ohio St.3d 1451, 2005-Ohio-763, 823 N.E.2d 456.

**{¶ 7}** On October 21, 2004, Dowell filed an application to reopen his appeal, arguing that appellate counsel was ineffective in failing to appeal on grounds of ineffective assistance of trial counsel. *State v. Dowell*, 8th Dist. Cuyahoga No. 83575, 2005-Ohio-1966. This court denied Dowell's application to reopen his appeal based on res judicata, finding that Dowell raised or could have raised his ineffective-assistance claim in his appeal to the Ohio Supreme Court. *Id.*, *appeal not accepted*, 106 Ohio St.3d 1488, 2005-Ohio-3978, 832 N.E.2d 739.

**{¶ 8}** On April 14, 2014, Dowell filed a petition for postconviction relief pursuant to R.C. 2953.21, arguing ineffective assistance of trial counsel for inadequately investigating the case and examining a defense witness, failing to file a motion to suppress Dowell's oral statements, and failing to move to dismiss on a speedy-trial violation. On April 27, 2004, the trial court denied Dowell's petition and on March 23, 2005, issued its finding of facts and conclusions of law. This court affirmed denial of the petition, finding that the evidence Dowell proffered to support

the petition was available to him at trial and on direct appeal and therefore barred by res judicata. *State v. Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110.

{¶ 9} On December 29, 2008, Dowell filed a motion for leave to file a delayed motion for a new trial, which included over 100 exhibits. On January 6, 2008, the trial court denied the motion. On March 12, 2009, Dowell filed a motion for leave to file a delayed appeal, appealing the trial court's denial of his motion for leave for a new trial. On April 6, 2009, this court denied Dowell's motion and dismissed the appeal.

{¶ 10} On February 28, 2014, Dowell requested an order for public records pursuant to R.C. 149.43(B)(8), seeking the production of trial exhibits. On December 5, 2014, the trial court denied the request. On December 24, 2014, Dowell appealed this denial in *State v. Dowell*, 8th Dist. Cuyahoga No. 102408, 2015-Ohio-3237. This court affirmed the trial court's denial, finding that Dowell had not established a justiciable claim or pending proceeding for which the requested information would be material. *Id.*

{¶ 11} Then, more than six years later, on February 18, 2021, Dowell filed a motion for leave to file a motion for a new trial and requested an oral hearing on the motion. On April 9, 2021, the trial court denied his motion. On July 1, 2021, Dowell filed a motion for leave to file a delayed appeal, which this court granted the following day, explaining that

> a petition for postconviction relief is civil in nature [and generally] there is no right to a delayed appeal under App.R.5(A). However, because appellant was never served with the trial court's ruling on the

petition for postconviction relief, the appeal has been timely filed and shall proceed as an appeal of right. This court has held that the notice provision in Civ.R. 58 and the tolling provision in App.R. 4(A) apply to petitions for postconviction relief because they are civil in nature. *State v. Tucker*, 8th Dist. No. 95556, 2011-Ohio-4092, ¶ 9; *State v. Harris*, 8th Dist. No. 94186, 2010-Ohio-3617, ¶ 7 & 8. *See also*, *State v. Williams*, 10th Dist. No. 06AP-842, 2006-Ohio-5415, ¶ 7-8. The trial court never directed the clerk of court to serve the appellant with notice of the judgment per Civ.R. 58, therefore, the time to file the appeal has been tolled and appellant's appeal is timely filed. The record is due on or before August 30, 2021.

{¶ 12} This appeal followed.

## II. Law and Analysis

### A. Crim.R. 25(B)

{¶ 13} In his first assignment of error, Dowell argues that the trial court's administrative judge violated Crim.R. 25(B) by not issuing an order assigning a subsequent judge to preside over Dowell's motion for leave to file a motion for a new trial. Dowell maintains that the subsequent judge was not authorized to rule on the motion and that the judge's ruling is voidable. We disagree.

{¶ 14} Crim.R. 25(B) provides that

[i]f for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge * * * may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial.

Crim.R. 25(B) does not prohibit another judge from presiding over postconviction proceedings if the original judge is unable to perform those duties for any reason. *State v. Green*, 122 Ohio App.3d 566, 571, 702 N.E.2d 462 (12th Dist.1997), citing *Beatty v. Alston*, 43 Ohio St.2d 126, 127, 330 N.E.2d 921 (1975), *cert. denied*, 423

U.S. 1000, 96 St.Ct. 432, 46 L.Ed.2d 375 (1975). It is "entirely proper" under Crim.R. 25(B) for a substitute judge to preside over postconviction proceedings when the judge who presided over the defendant's trial no longer sits on the bench. *See State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶ 39 (trial judge retired); *Green* at 571 (same). "An appellate court may take judicial notice of the identity and status of those acting as judges of lower tribunals in the same state." *Squire v. Bates*, 132 Ohio St. 161, 168, 5 N.E.2d 690 (1936); *State ex rel. Morgan v. Arshinkoff*, 15 Ohio App.3d 101, 472 N.E.2d 1134 (9th Dist.1984).

{¶ 15} Here, one judge presided at Dowell's trial and was replaced by a second judge, the trial judge's duly-elected successor, who presided over Dowell's early postconviction proceedings. The second judge was then replaced by a third judge, the second judge's duly-elected successor, who presided over the instant postconviction proceedings. As the second judge's successor, the third judge was authorized to rule on Dowell's motion. *See Roberts* at ¶ 39.

{¶ 16} Therefore, the first assignment of error is overruled.

**B.  Crim.R. 33**

{¶ 17} We group Dowell's second and third assignments of error for ease of discussion. In his second assignment of error, Dowell argues that the trial court abused its discretion by finding that Dowell was not unavoidably prevented from filing a timely motion for a new trial under Crim.R. 33. In his third assignment of error, Dowell contends that the trial court abused its discretion when it denied his motion for leave without first holding a hearing on the motion. Plaintiff-appellee,

the state of Ohio, contends that none of the evidence Dowell identifies in his motion for leave is newly discovered evidence.

{¶ 18} We review the denial of a motion for leave to file a motion for a new trial for an abuse of discretion. *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 7, citing *State v. Washington*, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, ¶ 16. We also review the decision whether to hold a hearing on the motion for an abuse of discretion. *State v. Phillips*, 2017-Ohio-7164, 95 N.E.3d 1017, ¶ 21 (8th Dist.). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blackmore v. Blackmore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable when "'no sound reasoning process * * * would support that decision.'" *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} Under Crim.R. 33(B), a motion for a new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. A party who fails to file a motion for new trial within that time must seek leave from the trial court to file a motion for new trial. *Hale* at ¶ 9. The trial court may grant leave to file a delayed motion if the movant shows, by clear and convincing proof, that he was unavoidably prevented from filing the motion and sought leave within a reasonable time after discovering the evidence. *Id.* at ¶ 9-10. Clear and convincing proof "is that measure or degree of proof [that] is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' * * * and which will produce in the mind of the trier of facts a firm belief or

conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 20} A defendant is "unavoidably prevented" from filing a timely motion for new trial when the defendant (1) had no knowledge that grounds supporting the motion for a new trial existed, and (2) could not have learned of those grounds in the exercise of reasonable diligence within the time prescribed by the rule. *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 11.

{¶ 21} Here, Dowell argues that in January 2021, he learned from a law clerk at the Marion Correctional Institution that a police report and receipt showing $57 in cash seized by the police in 2003 undermined the state's theory that Dowell shot and killed Chester after an argument over coins and supported Dowell's contention that he shot and killed Chester in self-defense. Dowell claims that he was unavoidably prevented from discovering this evidence because his trial counsel denied him effective assistance by colluding with the state in concealing this evidence and perpetrating a fraud on the court. Dowell's claims are not borne out by the record.

{¶ 22} First, Dowell fails to explain how he was unaware of the police report and receipt for nearly two decades. He claims that this evidence was concealed from him but offers no proof of concealment. Second, in addition to the police report and receipt, Dowell references but does not attach to his motion several trial exhibits that he offers to challenge his alleged motive for killing Chester. These exhibits were available at the time of trial and direct appeal, and Dowell fails to provide a clear and

convincing explanation why he did not raise these arguments and evidence within 120 days of the verdict. Finally, this court has repeatedly found that the arguments and evidence Dowell raises in his motion, which he recycles from his prior postconviction petitions, are barred by the doctrine of res judicata. *See Dowell*, 8th Dist. Cuyahoga No. 83575, 2005-Ohio-1966 (claim of ineffective assistance of counsel barred by res judicata); *Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110 (claim of ineffective assistance and any claim based on the receipt for $57, which was available at the time of trial and direct appeal, are barred by res judicata).

{¶ 23} "Res judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33." *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, ¶ 14, citing *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 25. "To overcome res judicata, the petitioner must present cogent, material evidence found outside the record on appeal that was unavailable to the petitioner at the time of trial or direct appeal." *State v. Shabazz*, 8th Dist. Cuyahoga No. 100623, 2014-Ohio-3142, ¶ 13, citing *State v. Cole*, 2 Ohio St.3d 112, 115, 443 N.E.2d 169 (1982); *State v. Lewis*, 8th Dist. Cuyahoga No. 73736, 1998 Ohio App. LEXIS 5777 (Dec. 3, 1998).

{¶ 24} As explained above, Dowell presents no cogent or material evidence outside the record that was not available to him at the time of trial or direct appeal. Instead, Dowell raises the same arguments and evidence in his motion for leave that he raised in prior postconviction petitions. These arguments and evidence are

barred by res judicata.  *See Shabazz* at ¶ 13.  We therefore find that the trial court did not abuse its discretion when it denied Dowell's motion for leave to file a motion for a new trial.

**{¶ 25}** Furthermore, when an appellant has not shown that he was unavoidably prevented from discovering evidence that is the basis of his motion, the trial court is not required to hold a hearing.  *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 25 (8th Dist.).  Here, Dowell failed to establish that he was unavoidably prevented from discovering the evidence he references in his motion.  Therefore, the trial court did not abuse its discretion in denying Dowell's motion without an evidentiary hearing.

**{¶ 26}** Dowell's second and third assignments of error are overruled.

**{¶ 27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
EMANUELLA D. GROVES, J., CONCUR