JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Natuan Williams ("Williams") appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his petition for post-conviction relief. For the reasons stated below, we affirm.
 {¶ 2} This case stems from Williams' convictions and sentences entered in a number of lower court cases.[1] Collectively, Williams pled guilty to, and was convicted of, attempted possession of a concealed weapon, possession of drugs, carrying a concealed weapon, aggravated robbery with a three-year firearm specification, attempted murder with a three-year firearm specification, and receiving stolen property. Williams was sentenced for these convictions, as well as for violating community control, to a total aggregate sentence of eleven and one-half years of imprisonment. Williams did not pursue a direct appeal.
 {¶ 3} Williams filed a petition for post-conviction relief, challenging his convictions and sentences. The trial court found that Williams' claims were barred under the doctrine of res judicata and proceeded to find that his claims lacked merit substantively as well. Williams has appealed the ruling of the trial court, raising two assignments of error for our review, which provide:
 {¶ 4} "I. The trial court erred when it dismissed the petition for post-conviction relief on grounds that the allegations contained therein were barred by the doctrine of res judicata."
 {¶ 5} "II. The trial court erred when it dismissed the petition as insufficient."
 {¶ 6} In this case, Williams is seeking post-conviction relief. InState v. Cambell, Franklin App. No. 03AP-147, 2003-Ohio-6305, the Tenth Appellate District comprehensively discussed the general rules regarding post-conviction proceedings as follows: "The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the trial court record. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction." (Internal citations and quotation omitted.)
 {¶ 7} It is well settled that the doctrine of res judicata applies in post-conviction relief proceedings. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. State v. Cole (1982), 2 Ohio St.3d 112. Res judicata promotes the principle of finality of judgments, prevents repeated attacks on a final judgment, and applies to all issues that were raised or could have been raised in prior litigation. State v. Sneed, Cuyahoga App. No. 84964, 2005-Ohio-1865. A petition for post-conviction relief may be dismissed under the doctrine of res judicata when the petitioner could have raised the issues in his petition on direct appeal without resorting to evidence which is beyond the scope of the record. State v. Scudder
(1998), 131 Ohio App.3d 470, 475.
 {¶ 8} A petition for post-conviction relief is not a substitute for a direct appeal nor a means of an additional or supplementary direct appeal of a conviction and sentence. We reiterate that the fundamental premise of a post-conviction petition is to afford a criminal defendant the opportunity to raise alleged constitutional infirmities that could not have been raised at trial or on direct appeal.
 {¶ 9} In this case, Williams is raising general challenges to his convictions and sentences. Specifically, Williams states the record does not support the trial court's findings for the imposition of nonminimum, consecutive sentences. Although not argued on appeal, Williams also raised in his petition the issue of whether his offenses constituted allied offenses of similar import. These claims are contained within the scope of the trial court record. Williams does not raise any constitutional infirmities that could not have been raised at trial or on direct appeal. Accordingly, we find that the issues raised by Williams could have been raised in a direct appeal and are barred by the doctrine of res judicata. Williams' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Anthony O. Calabrese, Jr., Concur.
[1] Cuyahoga County Common Pleas Court case numbers CR 402485, CR 403707, CR 420549, and CR 431166.