[Cite as *State v. West*, 2013-Ohio-826.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98680**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY WEST

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548609

**BEFORE:** Celebrezze, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**FOR APPELLANT**

Timothy West, pro se
Inmate No. 604-876
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Timothy West, appeals the judgment of the common pleas court that denied his petition for postconviction relief.   After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶3} On March 29, 2011, appellant was indicted by the Cuyahoga County Grand Jury for illegal manufacture of drugs or cultivation of marijuana, in violation of R.C. 2925.04(A); drug trafficking, in violation of R.C. 2925.03(A)(2); drug possession, in violation of R.C. 2925.11(A); and possession of criminal tools, in violation of R.C. 2923.24(A). Each count contained multiple forfeiture specifications.

{¶4} On April 5, 2011, appellant was arraigned and pled not guilty to the charges and was assigned counsel.  A jury trial commenced on September 13, 2011.  At the conclusion of trial, appellant was found guilty as charged on September 16, 2011.  The trial court subsequently sentenced appellant to 16 years in prison.

{¶5} On November 7, 2011, appellant brought a direct appeal of his convictions to this court, wherein he asserted seven assignments of error.  *State v. West*, 8th Dist. Nos. 97391 and 97900, 2013-Ohio-96.   While his appeal was pending, appellant filed a petition for postconviction relief on May 3, 2012, pursuant to R.C. 2953.21, in concert

with a motion to stay the petition for 60 days so that he could obtain evidence to support his claims. On June 19, 2012, the state filed a motion in opposition to appellant's petition. On June 28, 2012, the trial court denied appellant's petition without a hearing and issued findings of fact and conclusions of law.

{¶6} Appellant now brings this timely appeal pro se, raising one assignment of error for review.

Law and Analysis

{¶7} In his sole assignment of error, appellant argues that the trial court erred in denying his petition for postconviction relief.

{¶8} Petitions for postconviction relief are governed by the standards set forth in R.C. 2953.21, which provides, in pertinent part:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
>
> * * *
>
> (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the

journalized records of the clerk of the court, and the court reporter's transcript.

{¶9} A postconviction proceeding is not an appeal of a criminal conviction, but rather a collateral civil attack on the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. In *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. Accordingly, we review appellant's postconviction claims brought pursuant to R.C. 2953.21 under an abuse of discretion standard. *Id.* An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} R.C. 2953.21(A) requires a petitioner for postconviction relief to allege a "denial or infringement" of his rights under the Ohio or United States Constitutions. In the case sub judice, appellant asserted that he was denied effective assistance of counsel as required by the Sixth Amendment to the United States Constitution because his trial counsel did not fully investigate the matter.

{¶11} When a petitioner asserts in his petition for postconviction relief that his trial counsel was ineffective, he must submit evidentiary documents that contain

sufficiently operative facts to support this assertion and that demonstrate that his defense was prejudiced by counsel's ineffectiveness. *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. If a petitioner fails to meet this burden, the trial court may dismiss the petition for postconviction relief without a hearing. *Id.*

{¶12} In challenging the trial court's denial of his petition, appellant does not address the substantive merits of his ineffective assistance of counsel claim. Rather, appellant contends that the trial court abused its discretion when it denied his motion to stay his petition for 60 days so that he could obtain cognizable evidence to support his grounds for relief.

{¶13} We find no merit to appellant's argument. R.C. 2953.21(A)(2) provides that petitions for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Here, the record reflects that appellant filed his petition approximately three days before the 180-day window expired. While timely, appellant's petition did not contain any evidence to support his ineffective assistance claim. Under these circumstances, the trial court had no obligation to grant appellant's motion to stay so that appellant could have additional time to acquire cognizable evidence to support his petition and simultaneously avoid the pitfalls of filing an untimely petition. Appellant had ample time to obtain evidence to support his position prior to the expiration of the statutory constraints of R.C. 2953.21(A)(2), and the trial court was free to deny appellant's motion to stay.

{¶14} Next, appellant contends that the trial court abused its discretion when it entertained the state's untimely response brief, in violation of R.C. 2953.21(D). Pursuant to R.C. 2953.21(D), if the state responds to a petition for postconviction relief, it must do so within ten days after the petition is filed or obtain leave of court to respond after that time. *State v. Slagter*, 8th Dist. No. 78658, 2001 Ohio App. LEXIS 4656, *17 (Oct. 18, 2001), citing *State v. Wiles*, 126 Ohio App.3d 71, 77, 709 N.E.2d 898 (11th Dist.1998).[1]

{¶15} Here, the state concedes that it filed its brief in opposition to appellant's petition on June 19, 2012, well after the ten-day response time. Further, the state acknowledges that it did not obtain a leave of court to file its response out of rule. Accordingly, the state's brief in opposition was untimely, and the trial court erred in considering it. *Slagter* at * 19.

{¶16} Nevertheless, we find the trial court's error to be harmless.[2] As stated, a petitioner for postconviction relief must provide evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error. *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983). In the instant case, appellant's petition amounted to nothing more than broad and unsupported accusations of ineffective assistance of counsel. Because appellant failed to proffer any evidence to support the constitutional

---

[1] In *Slagter*, this court recognized the departure from our previous holding in *State v. Bonnell*, 8th Dist. Nos. 69835 and 73177, 1998 Ohio App. LEXIS 3943 (Aug. 27, 1998), which held that the time period to respond to a petition for postconviction relief set forth in R.C. 2953.21(D) is directory and not mandatory.

[2] Crim.R. 52(A) defines harmless error as "any error, defect, irregularity, or variance which does not affect substantial rights [and] shall be disregarded."

claims raised in his petition, the trial court properly dismissed the petition without a hearing, irrespective of the arguments raised by the state in its response brief. *See State v. Stedman*, 8th Dist. No. 83531, 2004-Ohio-3298, ¶ 15.

**{¶17}** Based on the foregoing, appellant's sole assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR