[Cite as *State v. Warmus*, 2014-Ohio-928.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99962

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATTHEW WARMUS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536383

**BEFORE:**   Blackmon, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**      March 13, 2014

**ATTORNEYS FOR APPELLANT**

David L. Doughten
Robert A. Dixon
David L. Doughten Co. L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

T. Allan Regas
Assistant Prosecuting Attorney
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Petitioner-appellant Matthew Warmus appeals from the trial court's decision that denied his petition for postconviction relief and assigns the following errors for our review:

> I. The trial court denied appellant['s] due process of law and a fair trial by allowing a state expert witness to testify that he listened to an unintelligible recording of the petitioner and interpreted those words to constitute a possible confession by the petitioner.
>
> II. The prosecutor committed misconduct by introducing and arguing that the petitioner transported an illegal weapon in his vehicle.
>
> III. The trial court erred by not ensuring Warmus understood his right against self-incrimination as established by the Fifth Amendment to the United States Constitution.
>
> IV. The petitioner was deprived of his right to effective assistance of counsel and to due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I § 10 and § 16 of the Ohio Constitution.
>
> V. The trial court erred by failing to hold an evidentiary hearing as the affidavits provided in petitioner's motion to vacate filed pursuant to R.C. § 2953.21 establish a meritorious issue.
>
> VI. Cumulative errors deprived the appellant of his due process right to a fair trial.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On October 28, 2010, a jury found Warmus guilty of murdering a parking lot attendant in a dispute over a parking fee, rejecting his claim that he acted in self-defense. The trial court sentenced Warmus to 15 years to life, with three years consecutive on the firearm specification. Warmus directly appealed his convictions in

*State v. Warmus*, 8th Dist. Cuyahoga No. 96026, 2011-Ohio-5827 ("*Warmus I*").[1]  In his direct appeal, Warmus assigned 11 errors that collectively raised issues concerning the trial court's admission of testimony, jury instructions, ineffective assistance of counsel, prosecutorial misconduct, and the imposition of a fine.

{¶4}  On November 11, 2011, we affirmed Warmus's convictions but remanded with instructions for the trial court to modify the fine to $15,000.  The  Ohio Supreme Court declined jurisdiction in  *State v. Warmus*, 131 Ohio St.3d 1460, 2012-Ohio-648, 961 N.E.2d 1137 ("*Warmus II*").  The United States Supreme Court also declined jurisdiction in  *Warmus v. Ohio*, 133 S.Ct. 335, 184 L.Ed.2d 157 (2012) ("*Warmus III*").

{¶5}  On July 15, 2011, while his appeal was pending before this court, Warmus filed a petition for postconviction relief.  On May 9, 2013, the trial court denied the petition without a hearing based on the doctrine of res judicata and issued findings of fact and conclusions of law.

### Postconviction Relief

{¶6}  Petitions for postconviction relief are governed by the standards set forth in R.C. 2953.21, which provides in pertinent part:

---

[1] *See Warmus I,* ¶ 2-4, for a summary of the relevant facts surrounding Warmus's convictions.

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶7} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence. *Gondor* at ¶ 58.

{¶8} R.C. 2953.21(A) requires a petitioner for postconviction relief to allege a "denial or infringement" of his rights under the Ohio or United States Constitutions. In

the instant case, Warmus asserted separate denials or infringements: first, that he was denied his due process rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to "prosecutorial misconduct"; second, that he was denied effective assistance of counsel as required by the Sixth Amendment to the United States Constitution; and third, that he was denied the Fifth Amendment protection against self incrimination.

{¶9} At the outset, we are compelled to address one of the common doctrinal hurdles that postconviction relief petitioners must clear: the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 13.

{¶10} A petition for postconviction relief may be denied or dismissed on res judicata grounds if the trial court "finds that the petitioner could have raised the issues in the petition at trial or on direct appeal without resorting to evidence beyond the scope of the record." *Id*. at ¶ 16; *accord State v. Williams*, 8th Dist. Cuyahoga No. 85893, 2005-Ohio-6020, ¶ 7.

{¶11} With these principles in mind, we will address the assigned errors out of sequence, where appropriate.

**Audio Recording**

{¶12} In the first assigned error, and indeed, the first claim in his petition, Warmus complains that the trial court erred by allowing a state expert to invade the province of the jury by testifying outside his area of expertise to an ultimate issue to be decided by the jury. The witness, Thomas Ciula, an expert in audio and video technology, examined a recording of a 911 call placed on the scene of the shooting. Ciula testified that after optimizing the audio track for clarity, he could hear Warmus arguing with a bystander saying, "if my gun's here, it's my fault."

{¶13} In his petition, Warmus supplied the affidavit of Linda Luke, a forensic scientist, who recommended hiring an experienced audio/video expert to review the equipment, standard operating procedures, and Ciula's final report. However, Warmus raised this issue verbatim in his direct appeal. In addressing this issue we stated:

> The court should not have allowed the expert to render an opinion as to what words he heard spoken on the tape. Because Warmus and the state fundamentally disagreed on what words were spoken, this became a factual issue for the jury to resolve. The court should have instructed the jury that the interpretation of what words were spoken on the 911 tape were for it to decide and that the audio recording was the best evidence.
>
> Despite this error, we cannot say that it was prejudicial. Having independently reviewed the audio of the 911 call, we cannot confidently say that either interpretation by the state or defense was completely accurate. The jury heard the audio and was able to compare it to the transcriptions made by both parties and weigh them against the actual recording. Moreover, to the extent the jury may have given undue weight to the expert's conclusions, that error was certainly harmless given the overwhelming evidence of Warmus's guilt. Even had the court excluded the expert's testimony, there is no probability that the outcome of the trial would have been different.

*Warmus I* at ¶ 30-31.

**{¶14}** Here, having addressed the same issue in *Warmus I*, we decline to revisit this issue because it is barred by the doctrine of res judicata. Accordingly, we overrule the first assigned error.

## Prosecutorial Misconduct

**{¶15}** In the second assigned error, and his second claim for relief in his petition, Warmus argues that the prosecutor repeatedly suggested that he illegally transported a loaded firearm in his vehicle. Again, Warmus raised the same issue in his direct appeal.

**{¶16}** In addressing the issue, we stated in pertinent part as follows:

Warmus next argues that the state committed misconduct by creating the impression that he illegally transported his firearm, despite not being charged with that offense. The state argues that this was other acts evidence under Evid.R. 404(B) and properly introduced to counter Warmus's assertion on direct examination that the "most trouble" he had been in before the shooting was "a speeding ticket."

Questions about Warmus's transportation of a loaded firearm did not reasonably fall within any exception to the prohibition on other acts evidence under Evid.R. 404(B). They did not touch on "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The state cites to no exception for admissibility under the rule, nor can we discern any plausible basis for application of the rule.

Despite the error in the state's questions, we cannot find them so prejudicial that they deprived Warmus of a fair trial. Warmus conceded that he shot the victim, so questions about whether he illegally transported his firearm paled by comparison. We do not think it is remotely possible that questions about Warmus's illegally transporting the gun somehow swayed the jury into rejecting the self-defense claim. Any misconduct by the state was thus harmless beyond a doubt.

*Warmus I* at ¶ 37-40.

{¶17} Here, having addressed this issue in Warmus's direct appeal, we decline to revisit it on the grounds that it is also barred by the doctrine of res judicata. Accordingly, we overrule the second assigned error.

## Protection Against Self-Incrimination

{¶18} In the third assigned error, and his third claim for relief in his petition, Warmus argues that the trial court failed to secure a knowing and intelligent waiver of his Fifth Amendment protection against self-incrimination. In support of this argument, Warmus attached an affidavit averring that his attorney did not inform him of his right not to testify.

{¶19} However, Warmus could have raised this issue in his direct appeal. As such, this issue is barred by the doctrine of res judicata. Accordingly, we overrule the third assigned error.

## Effective Assistance of Counsel

{¶20} In the fourth assigned error, and in his fourth claim for relief in his petition, Warmus argues he was denied the effective assistance of counsel. Again, Warmus alleged that he was denied the effective assistance of counsel in his direct appeal. Specifically, Warmus alleged that counsel was ineffective for failing to request a *Remmer* hearing and for failing to object to the jury instruction regarding the burden of proof on self-defense. *Warmus I* at ¶ 74.

{¶21} In his petition, Warmus alleged that counsel was ineffective for failing to utilize evidence that he was a victim of a prior violent attack in Summit County, Ohio.

Warmus also alleged that counsel was ineffective for failing to prepare for the possibility that the trial court might exclude a computer program that Warmus created to show physical layout of the crime scene. However, Warmus could have raised these additional allegations in his direct appeal. As such, this claim is likewise barred by the doctrine of res judicata. Accordingly, we overrule the fourth assigned error.

## Cumulative Errors

{¶22} In the sixth assigned error, Warmus argues that cumulative errors denied him the right to a fair trial. Again, we addressed this issue in the tenth assigned error in Warmus's direct appeal. *Warmus I* at ¶ 81-83. There, we stated:

> As we have previously discussed, the only demonstrable errors we have found to this point are the court's decision to allow an audio expert to testify to his interpretation of words spoken on an audio recording of a 911 call, the state's misconduct in questioning Warmus about the illegal transportation of a firearm, and the court's inadvertent transposition of which party bore the burden of proving self-defense. These errors neither adversely affected the outcome of the trial nor did they cumulatively affect Warmus's right to a fair trial.

*Id*.

{¶23} Here, given that this issue was raised and address in Warmus's direct appeal, we decline to revisit it on the grounds that it is barred by the doctrine of res judicata. Accordingly, we overrule the sixth assigned error.

## Denial of Oral Hearing

{¶24} Finally, in the fifth assigned error, Warmus argues trial court erred by failing to hold a hearing on his petition for relief.

{¶25} A trial court is not required to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The statute specifically reads that "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * * ." R.C. 2953.21(E); *State v. Jones*, 8th Dist. Cuyahoga No. 83601, 2004-Ohio-3868.

{¶26} In considering a petition, the pivotal question for the trial court is whether, upon consideration of all the files and records pertaining to the underlying proceedings and any supporting evidence attached, the petitioner has set forth "sufficient operative facts to establish substantive grounds for relief." *Calhoun*, paragraph two of the syllabus. The trial court acts as a gatekeeper in determining whether a hearing is warranted. *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77.

{¶27} The trial court's "gatekeeping" function in the postconviction relief process is entitled to deference, including its decisions regarding the sufficiency of the facts set forth by the petitioner and the credibility of his affidavit. *State v. West*, 8th Dist. Cuyahoga No. 98680, 2013-Ohio-826, ¶ 9, citing *Calhoun*. This court reviews the trial court's decisions for an abuse of discretion. *Id.* In this case, the trial court did not abuse

its discretion in either declining to conduct an evidentiary hearing or applying the doctrine of res judicata.

{¶28} R.C. 2953.21 affords a prisoner postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition is not intended to provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 23.

{¶29} Rather than a direct appeal, a petition for postconviction relief is a collateral civil attack on a criminal judgment. *State v. Easley*, 10th Dist. Franklin No. 09AP-10, 2009-Ohio-3879, ¶ 9, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. The petition is meant to get to constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record. *Easley* at ¶ 9.

{¶30} Based upon that rationale, as previously stated, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already, or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph seven of the syllabus; *State v. McCullough*, 78 Ohio App.3d 587, 591, 605 N.E.2d 962, (6th Dist.1992). Issues properly raised in a

petition for postconviction relief are only those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975). If an issue has, or should have been, raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *State v. Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110, ¶ 10, citing *Perry*.

{¶31} "New" evidence attached to the petition does not automatically defeat the res judicata bar. Rather, evidence outside the record must meet "some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]" *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485 (Mar. 17, 1993). Moreover, the evidence dehors the record must not be evidence that was in existence and available for use at the time of trial and that could and should have been submitted at trial if the defendant wished to use it. *Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110, ¶ 10.

{¶32} In this case, Warmus did not provide anything new to the trial court to warrant an evidentiary hearing. As discussed in the previous assigned errors, all of his assertions were ones that were, or could have been, presented in *Warmus I*. As such, the trial court did not err when it denied the petition without a hearing. Accordingly, we overrule the fifth assigned error.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR