[Cite as *State v. Asadi-Ousley*, 2023-Ohio-4322.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                        No. 112734

    v.                           :

ASA ASADI-OUSLEY,                       :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-597885-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee*.

Michael Shaut Law Office, Inc., and Michael H. Shaut, *for appellant*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Asa Asadi-Ousley, appeals from the trial court's judgment denying his "Civ.R. 60(B) motion for relief from judgment." For the reasons that follow, we affirm the trial court's decision.

## I. Procedural History

{¶ 2} In 2016, following a trial in which a jury found Ousley guilty of rape, felonious assault, and kidnapping, the trial court imposed an aggregate sentence of 15 years to life in prison. This court affirmed Ousley's convictions, overruling his assignments of error that challenged (1) the trial court's decision denying him a continuance of trial because his counsel was recovering from eye surgery, (2) the sufficiency and weight of the evidence supporting his convictions, (3) merger of allied offenses, and (4) his trial counsel's failure to request merger. *State v. Asadi-Ousley*, 2017-Ohio-7252, 102 N.E.3d 52 (8th Dist.) ("*Ousley I*").

{¶ 3} While his direct appeal was pending, Ousley, pro se, filed a petition for postconviction relief and a Civ.R. 60(B) motion for relief from judgment. In his postconviction motions, he maintained that his convictions were void because his speedy trial rights had been violated and he was denied effective assistance of trial counsel because his counsel did not seek dismissal of the indictment because of the alleged speedy trial violation. In his petition, he contended that more than 180 days elapsed between the date he mailed his motion for speedy trial disposition pursuant to R.C. 2941.401 and when the state brought him to trial. He claimed that his speedy trial time commenced when he was subpoenaed to testify before a grand jury and he was also under investigation for the underlying offenses. The trial court denied his motions, and this court affirmed the trial court's decision in *State v. Asadi-Ousley*, 8th Dist. Cuyahoga Nos. 104714 and 105103, 2017-Ohio-937 ("*Ousley II*"). This court found that the 180-day period in R.C. 2941.401 had not commenced because

no "indictment, information, or complaint" was pending against Ousley when he filed his motion for speedy trial disposition. *Id*. at ¶ 15.

{¶ 4} Subsequently, Ousley, pro se, moved to reopen his direct appeal pursuant to App.R. 26(B), contending that he was denied effective assistance of appellate counsel when counsel failed to raise assignments of error challenging (1) the defective indictment; (2) denial of a jury trial; (3) denial of the right to counsel because counsel was forced to proceed with trial despite limited eyesight; and (4) the felonious assault conviction because the applicable statute of limitations period expired. This court granted his application, but limited his appeal to the issue of whether he was prejudiced by appellate counsel's failure to argue on appeal that trial counsel was deficient by not filing a motion to dismiss the felonious assault charge based upon the expiration of the applicable statute of limitations. *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 104267, 2017-Ohio-7880, ¶ 15 ("*Ousley III*"). This court specifically found that res judicata barred Ousley's claim regarding his trial counsel's vision issues because the issue was raised and rejected in his direct appeal. *Id*. at ¶ 10-11.

{¶ 5} After briefing, this court found that appellate counsel was ineffective, and further concluded that had trial counsel moved to dismiss the felonious assault charge, the charge against Ousley would have been dismissed for violating the relevant statute of limitations period. *State v. Asadi-Ousley*, 2018-Ohio-4431, 120 N.E.3d 520, ¶ 34 (8th Dist.) ("*Ousley IV*"). Accordingly, this court remanded the

matter to the trial court to vacate the felonious assault conviction; his other convictions remained undisturbed. *Id*. at ¶ 37.

{¶ 6} In March 2023, Ousley filed the underlying "motion for relief from judgment pursuant to Civ.R. 60(B)," contending that his constitutional and statutory right to a speedy trial pursuant to R.C. 2941.401 had been violated and he was denied his right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. The trial court summarily denied his motion.

## II.  The Appeal

{¶ 7}  Ousley now appeals, raising the following five assignments of error:

1.  The trial court and earlier Appellate panels erred in failing to consider a criminal information as the applicable starting date under the Ohio Speedy Trial Statute, [R.C.] 2941.401.

2.  The trial court erred in summarily denying [Appellant's] Motion without consideration of the grounds therefor, and without construing it as a request for leave to file a delayed motion for new trial under [Crim.R.] 33 (which was erroneously cited as [Civ.R.] 60 (B)), based on newly discovered evidence provided therein.  (N.[B.] In accordance with [Civ.R.] 33(F) a Motion for New Trial is not a condition for appellate review.)

3.  The trial court erred in failing to consider that [Appellant] was unavoidably prevented from discovery of new evidence because he was incarcerated, indigent and had grossly ineffective counsel, which exculpatory evidence demonstrates such a denial of his rights to a fair trial as to render the judgment constitutionally voidable per R.C. 2953.21 (A)(1)(a).

4. The trial court erred in denying [Appellant's] Motion given clear and incontrovertible evidence in the record that [Appellant] suffered grossly ineffective representation by his counsel who presented no defense and no evidence of mitigation to the case presented by the prosecution, despite declaring his intent to do so in his opening

statement, particularly in light of the Court of Appeals having already declared that counsel had been ineffective in his representation.

5. The trial court erred in its January 7, 2019, order vacating the felonious assault conviction by failing to then merge the rape and kidnapping charges and re-sentence [Appellant] accordingly, given that the Court of Appeals had vacated their original Journal Entry ordering the merger of the rape and kidnapping charges, based on the "dissimilar" charge of felonious assault which charge was then vacated due to the expiration of the statute of limitations.

For ease of reading and disposition, the assignments of error will be addressed together and out of order when appropriate.

## A. Standard of Review

{¶ 8} Ousley contends that his motion erroneously relied on Civ.R. 60(B) in seeking relief from judgment, when in actuality it was a request for leave to file a delayed Crim.R. 33 motion for a new trial or a petition for postconviction relief pursuant to R.C. 2953.21. Regardless of how it is titled, Ousley's motion sought postconviction relief, and this court will treat it as such. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997) ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."). *See also State v. Bridges*, 8th Dist. Cuyahoga No. 111833, 2023-Ohio-1048, ¶ 14 (a vaguely titled motion filed subsequent to a direct appeal, claiming a denial of constitutional rights, seeking to render the judgment void, and asking for a vacation of the judgment and sentence may be construed as a petition for post-conviction relief). Moreover, because Ousley's motion was filed beyond the 365-day

window under R.C. 2953.21(A) and after he already unsuccessfully sought postconviction relief in 2017, this court will consider his petition as an untimely and successive petition.

{¶ 9} Typically, we review a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, whether the trial court possessed subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 10} "[A] postconviction proceeding is a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court lacks jurisdiction over an untimely or successive petition for postconviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A). *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 20; *Apanovitch* at ¶ 36-38 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

{¶ 11} R.C. 2953.23(A) permits a trial court to consider an untimely or successive petition for postconviction relief under limited circumstances. R.C. 2953.23(A) requires Ousley to (1) show he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief" or that "the United States Supreme Court recognized a new federal or state right that

applies retroactively" to his situation, and (2) show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *."[1]

{¶ 12} The doctrine of res judicata places another restriction on the availability of postconviction relief. Res judicata generally bars a convicted defendant from litigating a postconviction claim that was raised or could have been raised at trial or on direct appeal. *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 25; citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 22, citing *Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 ("Res judicata applies to * * * petitions for postconviction relief").

{¶ 13} A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus. Moreover, "when the claims raised in a petition for postconviction relief are barred by the doctrine of res judicata, a trial court does not abuse its discretion in denying the petition without a hearing." *Bridges*, 8th Dist. Cuyahoga No. 111833, 2023-Ohio-1048, at ¶ 36.

---

[1] Even if this court construed Ousley's petition as one for leave to file a Crim.R. 33 motion for a new trial, Ousley would still be required to demonstrate that he was unavoidably prevented from discovering the evidence he relies upon — the same criteria that R.C. 2953.23(A)(1) requires. As discussed below, he has failed to do so.

### III. The Appeal

{¶ 14} In his second and third assignments of error, Ousley contends that the trial court erred in summarily denying his postconviction petition without considering whether he was unavoidably prevented from discovering the new evidence supporting his petition. He based his postconviction petition on two arguments: (1) speedy trial and (2) ineffective assistance of trial counsel. As discussed below, the doctrine of res judicata bars Ousley's claims and he failed to satisfy the requirements of R.C. 2953.21(A).

### A. Speedy Trial

{¶ 15} Ousley contends in his first assignment of error that his convictions are void because the state violated his right to a speedy trial. Res judicata bars Ousley's challenge because this court addressed and rejected these arguments in *Ousley II*. In *Ousley II,* Ousley contended that the filing of his motion for speedy disposition was sufficient to trigger the 180-day period set forth in R.C. 2941.401 within which to bring him to trial. This court rejected this argument, first noting that the plain language of "R.C. 2941.401 applies only when 'any untried indictment, information, or complaint' is 'pending' against the prisoner at the time he files a request for final disposition," and then finding that at the time "when [Ousley] filed his motion for speedy disposition on March 23, 2015, the record is clear that there was no 'indictment, information, or complaint' pending against [him] in this case at that time." *Ousley II*, 8th Dist. Cuyahoga Nos. 104714 and 105103, 2017-Ohio-937, at ¶ 15. This court further rejected Ousley's contention that a subpoena to testify

before a grand jury is a "complaint" or an indication that a complaint has been filed, or that charges were pending. *Id.* Additionally, this court noted that although Ousley was under investigation for the underlying charges, no "indictment, information, or complaint" was pending when he filed his request for final disposition. *Id.*

{¶ 16} Ousley now contends that his transfer to the county jail on March 10, 2015, for the purposes of obtaining a DNA sample from him and a detective's advisement of the charges against him amounts to an "information" under R.C. 2941.401, which would have been pending when he filed his motion for final disposition. He supports his argument with a copy of a form titled "Complaint Summary and Bond Report" that was filed on July 29, 2015, and an excerpt from the trial transcript when Detective William Jelenic testified that he advised Ousley of the charges against him during an interview when Ousley submitted a saliva DNA sample. Notwithstanding the fact that the evidence Ousley relies upon is not new information that he would have been unavoidably prevented from discovering, these documents do not establish that an "information" was pending against Ousley when he filed his motion for speedy disposition.

{¶ 17} Pursuant to R.C. 2941.021,

> [a]ny criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment.

A review of the record demonstrates that prosecution against Ousley was commenced by indictment on July 29, 2015. Accordingly, his new argument does not avoid the application of res judicata on this claim, and Ousley's first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

{¶ 18} Res judicata also applies to Ousley's fourth assignment of error in which he once again contends that he was denied effective assistance of trial counsel. He maintains that his trial counsel rendered ineffective representation because counsel (1) neglected to seek dismissal of the indictment based on a speedy trial violation; (2) failed to obtain a continuance of trial even though his vision was extremely limited due to recent eye surgery; (3) did not raise during trial certain objections, seek clarifications, question the state's DNA expert about different DNA profiles, or share a document with the prosecution and then failed to make a proffer of the same; and (4) failed to obtain witnesses who could have testified that Ousley's nickname was "B." He supported these claims with the following documentation attached to his motion: (1) a motion to continue that his trial counsel filed prior to trial seeking a continuance due to counsel's recent surgery; (2) an affidavit from his trial counsel stating that he no longer possessed Ousley's client file; and (3) affidavits from three individuals who averred that they knew Ousley as "B."

{¶ 19} Ousley has challenged his trial counsel's representation in three separate appeals — in his direct appeal in *Ousley I*, his appeal from the trial court's denial of his timely petition for postconviction relief in *Ousley II*, and following a

successful application to reopen his appeal, which resulted in this court finding in *Ousley IV* that his trial counsel was ineffective for failing to seek dismissal of the charge of felonious assault. The claims Ousley now raises regarding speedy trial, his counsel's vision impairment, or his counsel's alleged deficient conduct during trial, were either raised in his prior petition for postconviction relief and prior appeals or could have been raised in those actions. Accordingly, those arguments are barred by res judicata.

{¶ 20} Res judicata also applies to Ousley's claim that counsel was ineffective for failing to obtain witnesses who could have testified that Ousley's nickname was "B" because this claim could have also been litigated in a direct appeal or in his timely postconviction petition. Even if res judicata did not apply, Ousley has failed to demonstrate how he was unavoidably prevented from discovering the existence of these three witnesses who submitted affidavits in support of his petition. All three individuals averred that they knew Ousley for over 20 years and that his nickname was "B."

{¶ 21} Finally, even if this court found that Ousley was unavoidably prevented from discovering these individuals and obtaining their affidavits due to his incarceration, he has failed to demonstrate that the information contained in the affidavits presents substantive grounds for relief, such that if the information is believed, the new evidence proves counsel was ineffective or that no reasonable fact finder would have found him guilty of the offenses. *See Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, at ¶ 33-34 (two-step inquiry involving whether

petitioner submitted evidence outside of the record to support an ineffective assistance of trial counsel claim in a postconviction petition).

{¶ 22} At trial, the victim testified that after she was attacked and raped by at least one unknown male, a person whom she knew as "B" from the neighborhood helped her home. She denied that (1) Ousley was this person whom she knew as "B," (2) Ousley was the person who helped her home following the attack, and (3) she engaged in sexual conduct with "B." (Trial tr. 309.) The victim further stated that she had never seen Ousley before. *Id.*

{¶ 23} Detective Jelenic testified that he attempted to locate or identify the person whom the victim knew as "B," but his efforts were unsuccessful. (Trial tr. 589-591.) He testified further that after learning from Ousley's trial counsel that Ousley was known as "B," he attempted to locate people who may have known Ousley as "B." *Id.* Detective Jelenic stated that he was unable to locate anyone who could confirm this information. *Id.* Additionally, he stated that he searched police and state databases to determine whether Ousley had any aliases or nicknames to substantiate that he went by "B"; his efforts proved unsuccessful. *Id.*

{¶ 24} Ousley contends that had counsel subpoenaed witnesses who could have identified him as "B," no reasonable fact finder would have found him guilty. He maintains that he was "B" who helped the victim home after she was attacked and raped, but that when they arrived at her house, they engaged in consensual intercourse. According to Ousley, this would have explained why his DNA was discovered in the victim's rape kit.

{¶ 25} Based on the testimony, Ousley could have raised this issue in a prior proceeding or in his timely petition for postconviction relief. Moreover, the affidavits presented do not set forth information sufficient to conclude by clear and convincing evidence that no reasonable factfinder would have found him guilty. Even if Ousley was also known as "B," the victim denied (1) knowing or seeing Ousley, (2) that Ousley was the person whom she knew as "B" who helped her following the attack, and (3) that she engaged in sexual conduct with "B." Accordingly, the jury could reasonably conclude that Ousley raped the victim.

{¶ 26} Ousley's fourth assignment of error claiming that he is entitled to postconviction relief based on ineffective assistance of trial counsel is overruled.

{¶ 27} In conclusion and based on the reasons previously stated, Ousley's petition did not satisfy the requirements of R.C. 2953.23(A) and thus, his second and third assignments of error are also overruled. Nothing in his petition demonstrates that he was unavoidably prevented from discovering the facts on which the claims in his petition were based, that any new federal or state right was recognized subsequent to his filing of his earlier petitions or that, but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. Because Ousley did not make the requisite showing under R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider his petition for postconviction relief and properly denied it without conducting a hearing.

## IV. Allied Offenses

{¶ 28} Ousley's fifth assignment of error challenging the trial court's January 7, 2019 judgment entry following this court's remand order in *Ousley IV* is without merit because (1) Ousley did not raise this issue in his petition for postconviction relief, and thus, has waived it on appeal, *see generally State v. Goodwin*, 8th Dist. Cuyahoga No. 109352, 2020-Ohio-5187, ¶ 14 (failure to raise the issue in the trial court waives the matter on appeal); and (2) Ousley could have, but failed to, timely appeal from the trial court's January 7, 2019 judgment entry.

{¶ 29} This court's remand order in *Ousley IV* mandated the trial court to vacate only the felonious assault conviction; it did not disturb Ousley's convictions for rape and kidnapping. *See Ousley IV*, 2018-Ohio-4431, 120 N.E.3d 520, at ¶ 37 ("Judgment reversed and remanded for the trial court to vacate the felonious assault conviction. [Ousley's] remaining convictions are not impaired by this decision.") *See State v. Jenkins*, 8th Dist. Cuyahoga Nos. 109421 and 109434, 2023-Ohio-3622, ¶ 17 (trial court only permitted to follow appellate court mandate). Accordingly, the trial court was without authority to consider merger of the rape and kidnapping offenses. More importantly, in *Ousley I*, this court held that the offenses of rape and kidnapping were not allied offenses subject to merger for sentencing. *Ousley I*, 2017-Ohio-7252, 102 N.E.3d 52, at ¶ 52. The fifth assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR