[Cite as *State v. Fields*, 2023-Ohio-4543.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112693 |
| KURTIS FIELDS, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-620952-C

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Kurtis Fields, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Kurtis Fields ("Fields"), pro se, appeals the trial court's judgment denying his petition for postconviction relief. He raises the following five assignments of error for review:

**Assignment of Error 1:** The trial court erred, denying [Fields] due process under the Ohio and U.S. Constitutions, denied fundamental fairness and abused its discretion when it denied [Fields]'s postconviction petition on the grounds of res judicata when the evidence at issue was dehors the record and the unsupported claim that appellant waived the issue.

**Assignment of Error 2:** The trial court erred, denying [Fields] due process under the Ohio and U.S. Constitutions, denied fundamental fairness and abused its discretion when it denied appellant's claims of constitutional violations of compulsory process, confrontation and those as set forth in *Brady* and its progeny.

**Assignment of Error 3:** The trial court erred, denying [Fields]due process under the Ohio and U.S. Constitutions, denied fundamental fairness and abused its discretion when it denied [Fields]'s claim of ineffective assistance of counsel based on evidence dehors the record.

**Assignment of Error 4:** The trial court erred, denying [Fields] due process under the Ohio and U.S. Constitutions, denied fundamental fairness and abused its discretion when it denied [Fields]'s postconviction petition without an evidentiary hearing.

**Assignment of Error 5:** The trial court erred, denying [Fields] due process under the Ohio and U.S. Constitutions, denied fundamental fairness and abused its discretion when it denied [Fields]'s claim regarding the phone records of Terry Thomas.

{¶ 2} For the reasons set forth below, we find Fields's petition for postconviction relief is barred by res judicata and Fields failed to set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, we affirm the trial court's judgment denying Fields's petition for postconviction relief without a hearing.

## I. Facts and Procedural History

{¶ 3} In 2018, following a trial in which a jury found Fields guilty of two counts murder and two counts of felonious assault, all with one- and three-year

firearm specifications for the death of Tyrone Rodgers ("Rodgers"), the court sentenced Fields to 34 years to life in prison.[1] This court affirmed Fields's convictions, overruling his assignments of error that challenged (1) the manifest weight of the evidence supporting his conviction; (2) his sentence; and (3) the effective assistance of counsel. *State v. Fields*, 8th Dist. Cuyahoga No. 107971, 2020-Ohio-4740 ("*Fields I*").[2] Fields appealed from *Fields I* to the Ohio Supreme Court on two separate occasions in *State v. Fields*, 161 Ohio St.3d 1421, 2021-Ohio-254, 161 N.E.3d 716, and *State v. Fields*, 166 Ohio St.3d 1450, 2022-Ohio-994, 184 N.E.3d 154. In both of these appeals, the Ohio Supreme Court declined to accept jurisdiction.

{¶ 4} In January 2020, while his direct appeal was pending, Fields filed a pro se "petition to vacate or set aside judgment of conviction or sentence" under R.C. 2953.21 and requested an evidentiary hearing. Despite his title, Fields's motion sought postconviction relief, and this court will treat it as such. *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 112734, 2023-Ohio-4322, ¶ 8, citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v.*

---

[1] The trial court also found Fields guilty of two counts having a weapon while under disability as well as notice of prior conviction and repeat violent offender specifications.

[2] Following our decision in *Fields I*, Fields filed a pro se application to reopen his appeal under App.R. 26, arguing that "appellate counsel should have argued the following: (1) the state violated his Fifth Amendment right against self-incrimination by forcing him to show his tattoos to the jury and (2) his trial counsel was ineffective for failing to move for a mistrial on the tattoo issue and for failing to show through effective cross-examination that the lead detective perjured himself." *State v. Fields*, 8th Dist. Cuyahoga No. 107971, 2021-Ohio-201, ¶ 1. ("*Fields II*"). We denied Fields's application as untimely because it was filed seven days late. *Fields II* at ¶ 5.

*Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997) ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.").

{¶ 5} In his petition for postconviction relief, Fields argued that his convictions were void because (1) defense counsel was ineffective for failing to properly cross-examine Cleveland Police Detective David Borden ("Det. Borden"); (2) plaintiff-appellant, the state of Ohio, failed to provide defense counsel with copies of documents Fields allegedly signed in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) defense counsel was ineffective for failing to move the court to reopen his case between verdict and sentencing upon the revelation of jail calls from codefendant and state's witness, Terry Thomas ("Thomas"), and Fields where Thomas indicated he "wanted to make things right." In support of his petition, Fields attached portions of the trial transcript.

{¶ 6} The state opposed and sought leave to file a motion to dismiss Fields's petition for postconviction relief, which the trial court granted. The state also filed proposed findings of fact and conclusions of law. Fields filed an amended postconviction petition on March 16, 2023. The amended petition did not allege additional constitutional violations, did not include supporting affidavits, and did not include additional other documentary evidence in support of the claims for relief. In April 2023, the trial court adopted the state's findings of fact and

conclusions of law and denied Fields's petition for postconviction relief without a hearing.

{¶ 7} The court found that Fields's petition does not prove a substantive claim for relief and that Fields's claims are barred by res judicata because Fields could have raised his issues on direct appeal. The court further found that Fields invited error and waived these issues when he agreed to go forward without additional cross-examination. At trial, the court gave Fields the opportunity to cross-examine Det. Borden regarding his observation that Fields was left-handed and whether he signed any paperwork in the detective's presence, but defense counsel proceeded without further cross-examination. In addition, defense counsel listened to Thomas's jail calls, and afterwards, agreed to proceed to sentencing without requesting any additional cross-examination of Thomas. With regard to Fields's ineffective assistance of counsel claim, the court found that Fields failed to establish that the outcome of trial would have been different, noting that defense counsel's decisions to not further cross-examine Det. Borden and Thomas were a matter of strategy. Lastly, the court found that Fields failed to demonstrate a *Brady* violation by the state.

{¶ 8} Fields now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 9} Within his five assigned errors, Fields challenges the trial court's denial of his petition for postconviction relief without a hearing.

## A. Standard of Review

{¶ 10} The postconviction relief is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999), citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991).

{¶ 11} The Ohio Supreme Court has held that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence."[3] *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

---

[3] R.C. 2953.21(A)(1)(a) provides in relevant part that any "person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(b).

## B. Application of Res Judicata in Postconviction-Relief Proceedings

{¶ 12} A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Sowell*, 8th Dist. Cuyahoga No. 108018, 2020-Ohio-2938, ¶ 30, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs seven, eight, and nine of the syllabus. Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any [claim] that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Perry* at 180.

{¶ 13} Therefore, issues properly raised in a petition for postconviction relief are those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *State v. Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110, ¶ 10, citing *State v. Durr*, 8th Dist. Cuyahoga No. 65958, 1994 Ohio App. LEXIS 3758 (Aug. 25, 1994). The evidence submitted in support of the petition "'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *Sowell* at ¶ 30, quoting *State v. Lawson*, 103 Ohio App.3d 307, 659 N.E.2d 362 (12th Dist.1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485, 21 (Mar. 17, 1993). "The evidence submitted with the petition must be competent,

relevant, and material and not merely cumulative of or alternative to evidence presented at trial." *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 16, citing *State v. Combs*, 100 Ohio App.3d 90, 98, 652 N.E.2d 205 (1st Dist.1994).

**{¶ 14}** With the foregoing principles in mind, we now address Fields's argument that the trial court erred by denying his petition for postconviction relief without a hearing.

**{¶ 15}** As stated above, Fields raised three claims in his postconviction petition: (1) defense counsel rendered ineffective assistance of counsel by failing to properly cross-examine Det. Borden regarding Fields being left-handed; (2) the state violated *Brady* by failing to provide defense counsel with copies of documents Fields allegedly signed; and (3) defense counsel was ineffective for failing to move the court to reopen his case between verdict and sentencing upon the revelation of jail calls from Thomas. In support of his claims, Fields only attached portions of the trial transcript to his January 22, 2020 petition and his March 16, 2023 amended petition.

**{¶ 16}** The trial court determined that all three claims were barred by res judicata. The court found that the evidence relied upon by Fields was available to him at the time of trial and his direct appeal and, therefore, his claims were not properly brought in a petition for postconviction relief. Specifically, the court stated:

> a. In his first claim, Fields argues that his trial counsel was ineffective for failure to properly cross-examine Detective Borden regarding his observation that Fields was left hand dominant. (Petition, p. 3). To

support this argument, Fields cites to the trial transcript which includes trial counsel's statements regarding the issue and a jury question regarding left-handed suspects. The trial transcript was included in the original trial record and available for use by Fields when he filed his direct appeal. Fields cites no extrinsic evidence to support this claim.

b. In his second claim, Fields argues that the State failed to disclose paperwork filled out by Fields. (Petition, p. 4). He argues this paperwork could have been used to impeach [Det.] Borden regarding his observation that Fields was left-handed. Trial counsel requested any documents filled out by Fields and/or video that would show the same. This request is documented in the trial transcript which was included in the original trial record and available for use by Fields when he filed his direct appeal. Fields cites no extrinsic evidence to support this claim.

c. In his third claim, Fields argues that trial counsel was ineffective for failure to reopen the trial between verdict and sentencing to cross-examine [Thomas] regarding jail calls. (Petition, p. 5). He also argues that this implicated his right to confront witnesses. Again, the trial transcript reflects a recess where trial counsel reviewed the jail calls. The transcript further reflects trial counsel's opinion that the jail calls did not demonstrate that [Thomas] lied or wished to recant his statement. The transcript and the jail calls were in the original trial record and available for use by Fields when he filed his direct appeal. Fields cites no extrinsic evidence to support this claim.

{¶ 17} Though finding res judicata acted as a bar to his claims, the trial court further found that Fields's petition did not prove a substantive claim for relief; Fields invited error and waived issues when he agreed to go forward without additional cross-examination and Fields failed to establish trial counsel was ineffective.

{¶ 18} We find that the trial court properly dismissed all of Fields's claims. The trial court correctly found that the portions of the transcript relied upon by Fields to support his petition were available to him at the time of his trial and at the time of his appeal. As a result, any claim based upon this evidence is barred by the doctrine of res judicata and could have been raised in *Fields I*, his direct appeal.

Therefore, the trial court did not abuse its discretion by denying Fields's petition for postconviction relief without a hearing.

{¶ 19} Accordingly, all five assignments of error are overruled.

## III. Conclusion

{¶ 20} Fields's petition for postconviction relief is barred by res judicata. The portions of the transcript relied upon by Fields were available to him at the time of trial and his direct appeal. Thus, the trial court did not abuse its discretion by denying Fields's petition without an evidentiary hearing.

{¶ 21} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR